IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 0:15-2313-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lowe's Companies, Inc.; EEOC of Charlotte, | ) | |
| NC; John Hayward; Mike Calzareeta; Doug | ) | |
| Ford; Rayvon Irby, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Eric Alan Sanders, a self-represented litigant, brings this civil action alleging

employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§§ 2000e, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.

Plaintiff also alleges state law causes of action against the defendants.[1]  This matter is before the

court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Having reviewed

the Amended Complaint in accordance with applicable law, the court concludes that it should be

summarily dismissed as to Defendant EEOC of Charlotte, NC.[2]

---

[1] While Plaintiff discusses other "agents" of Defendant Lowe's Companies, Inc., in the body
of the Amended Complaint, he clearly indicates that the only "supervisors and agents" he intends
to sue are those listed in the caption of this order.  (ECF No. 16 at 1-2, 8-10.)

[2] To preserve issues raised in this case and to give liberal construction to the pleadings,
Plaintiff's Complaint (ECF No. 1) has been appended to his Amended Complaint (ECF No. 16) as
an attachment (ECF No. 16-1).  An order authorizing the issuance and service of process on the
remaining defendants has been issued contemporaneously with this Report and Recommendation.



## I.    Factual and Procedural Background

Plaintiff indicates that he is "joining as a party" the Equal Employment Opportunity Commission ("EEOC") of Charlotte, NC, for allegedly failing to properly investigate Plaintiff's charges of discrimination against Defendant Lowe's Companies, Inc. (ECF No. 16 at 8-9.) Plaintiff further asserts that Defendant EEOC of Charlotte refused to acknowledge Plaintiff's "charge in writing in a timely manner," failed to "file for temporary or preliminary relief pending final disposition of the charge to protect" Plaintiff, refused to "produce a right to sue letter with sufficient detail to proceed in District Court and establish proper jurisdiction," and "intentionally failed to provide any form of technical assistance." (Id. at 9.)  Plaintiff seeks monetary damages and injunctive relief "in the form of instatement, reinstatement, wage increases, promotion, transfer, and training."[3]  (Id. at 11.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint.  This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980);

---

[3] While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. Thus, to the extent Plaintiff is attempting to litigate on the behalf of others (ECF No. 16 at 2), the court notes that he cannot do so.



Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.    Analysis

#### 1.    Title VII and ADA Claims

Under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).  Further, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., prohibits an employer from discriminating against "a qualified individual on the basis of disability . . . ." 42 U.S.C. § 12112(a).  In this action,



Plaintiff does not allege unlawful employment practices by the EEOC.  Instead, Plaintiff names Defendant EEOC of Charlotte, NC, for the alleged mishandling of Plaintiff's charge of discrimination.  (ECF No. 16 at 8-9.)  However, "[a]ll circuit courts that have addressed the issue agree that 'a private-sector employee has no cause of action against the EEOC for its failure to process a charge of discrimination.' " Cetina v. Michelin North America, C/A No. 6:12-2222-HMH-JDA, 2012 WL 5430274, at *3 (D.S.C. Oct. 2, 2012) (quoting Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000)), adopted by 2012 WL 5430179 (D.S.C. Nov. 7, 2012); see also Jaffer v. Nat'l Caucus and Ctr. on Black Aged, Inc., 296 F. Supp. 2d 639, 642 (M.D.N.C. 2003) ("Title VII enforcement provisions do not give third parties either an implied or express cause of action against the EEOC or its employees.").

Moreover, "[t]he proper course for a private plaintiff whose claim the EEOC mishandled is to bring a lawsuit against the plaintiff's employer on the merits, not one against the EEOC." Jordan, 205 F.3d at 342; see also Pugh v. E.E.O.C., C/A No. DKC 13-2862, 2014 WL 2964415, at *5 (D. Md. June 30, 2014) (holding that "a plaintiff whose claim the EEOC denied or treated improperly still has a vital federal remedy" because that plaintiff may "obtain essentially a *de novo* review of [his] discrimination claim by a U.S. District Court") (citing Georator Corp. v. Equal Emp't Opportunity Comm'n, 592 F.2d 765, 768-69 (4th Cir. 1979) (holding that a suit against the employer in federal court allows the plaintiff an "opportunity to refute" the EEOC's determination)). Accordingly, Plaintiff's claims against Defendant EEOC of Charlotte, NC, brought pursuant to Title VII and/or the ADA are subject to summary dismissal.

PJG

### 2.    Constitutional and State Law Claims

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that a plaintiff cannot bring an action for damages directly against federal agencies for violation of constitutional rights); Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit).  "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts."  Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999).  Further, "[a]s sovereign, the United States enjoys immunity from suits for damages at common law."  Perkins v. United States, 55 F.3d 910, 913 (4th Cir. 1995); see also  Bartell v. U.S. Equal Emp't Opportunity Comm'n, C/A No. 3:00CV453-V, 2002 WL 31958717, at *3 (W.D.N.C. Mar. 29, 2002) (adopting Report and Recommendation holding that sovereign immunity barred plaintiff's negligence claim against the EEOC).  Therefore, the court finds that any constitutional or state law claims asserted against Defendant EEOC of Charlotte, NC, should also be summarily dismissed.[4]

---

[4] While the Federal Tort Claims Act ("FTCA") provides for a limited waiver of the Government's sovereign immunity from suit "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), this limited waiver of immunity must be strictly construed and its requirements strictly met.  See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005) ("All waivers of sovereign immunity must be 'strictly construed . . . in favor of the sovereign.' ") (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)).  One such requirement is the exhaustion of administrative remedies.  See 28 U.S.C. § 2675(a).  In this case, Plaintiff does not reference the FTCA, or provide any indication that he has exhausted his administrative remedies under that statute.



## III.     Conclusion

Accordingly, the court recommends that the Amended Complaint be summarily dismissed

without prejudice and without issuance and service of process as to Defendant EEOC of Charlotte,

NC.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 21, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).