# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, ) | Civil Action No. 0:15-cv-02313-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Lowe's Home Centers, LLC; EEOC of ) | |
| Charlotte, NC; John Hayward; Mike ) | |
| Calzareeta; Doug Ford; Rayvon Irby, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Eric Alan Sanders ("Sanders" or "Plaintiff") filed this action pro se against Defendants Lowe's Home Centers, LLC[1] ("Lowe's"); the EEOC of Charlotte, NC; John Hayward; Mike Calzareeta; Doug Ford; and Rayvon Irby alleging that he was subjected to discrimination, retaliation, and a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213. (ECF No. 1.)

This matter is before the court on Plaintiff's Appeal/Motion to Vacate an Order (ECF No. 56) filed by United States Magistrate Judge Paige J. Gossett on February 29, 2016 (the "February Order"), pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. (ECF No. 61.) In the February Order, the Magistrate Judge granted the Motion to Compel (ECF No. 54) of Lowe's,[2] Plaintiff's former employer, and ordered Plaintiff to "fully respond to the defendants' discovery requests by March 14, 2016" or face "contempt of court and/or other sanctions, including but not

---

[1] Lowe's asserts that it has been incorrectly identified by Sanders as Lowe's Companies, Inc. (ECF Nos. 38 at 1 & 66 at 1.) Lowe's further asserts that it should be identified as Lowe's Home Centers, LLC. (Id.) Therefore, the court **ORDERS** the Clerk to change the caption in the docket to reflect Lowe's proper name.

[2] According to Lowe's, Plaintiff failed to provide responses to Lowe's First Set of Interrogatories and Requests for Production. (ECF No. 54 at 1 (referencing ECF No. 54-1).)

limited to dismissal of the Complaint, . . . ." (ECF No. 56 at 2.) The Magistrate Judge further held in abeyance ruling on Lowe's Motion to Dismiss (ECF No. 54) "based on Sanders's alleged failure to cooperate in the discovery process." (ECF No. 56 at 2.)

In his Appeal/Motion to Vacate, Plaintiff requests that the court vacate the February Order, receive further evidence at a hearing, and not return the matter to the Magistrate Judge "due to her manifest bias directed towards the Plaintiff." (ECF No. 61 at 8.) For the reasons stated below, the court **DENIES** Plaintiff's Appeal/Motion to Vacate.

## I.     JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claim via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII. Additionally, the court has jurisdiction over Plaintiff's ADA claim via 28 U.S.C. § 1331, as the claim arises under a law of the United States, and also via 42 U.S.C. §§ 12117 & 2000e–5(f)(3), which empower district courts to hear claims by "person[s] alleging discrimination on the basis of disability."

## II.     LEGAL STANDARD

28 U.S.C. § 636(b)(1)(A) allows district courts to refer certain nondispositive pretrial matters to magistrate judges. Under the Federal Rules of Civil Procedure, "[a] party may serve and file objections to the order" of a magistrate judge on a nondispositive pretrial matter "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The district judge retains the authority to reconsider or set aside any pretrial matter decided by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." King v. Marriott Int'l, Inc., C/A No. 9:05-1774-PMD-RSC, 2006 WL 2092592, at *3 (D.S.C. July 26, 2006) (citation omitted).

### III.  ANALYSIS

A.  Plaintiff's Arguments

Plaintiff states both "general" and "specific" Objections in support of his Appeal/Motion to Vacate the Magistrate Judge's February Order. In his General Objections, Plaintiff argues the February Order should be vacated because: (1) the Scheduling Order (ECF No. 42) entered by the court was defective and unenforceable because it did not provide for a Rule 26(f) conference; (2) the Magistrate Judge abused her discretion by ruling on Lowe's Motion to Compel (ECF No. 54) while Plaintiff's motion to recuse was pending in another case; (3) the Magistrate Judge entered the February Order without providing Plaintiff his due process right to notice and a hearing; and (4) the Magistrate Judge granted Lowe's Motion to Compel without determining whether its counsel acted in bad faith. (ECF No. 61 at 2–6.) In his Specific Objections, Plaintiff offers his indigent status and need for appointed counsel in response to alleged criticisms that were made about his actions during discovery in Lowe's Motion to Compel. (Id. at 6–8.) Plaintiff concludes his Appeal/Motion to Vacate by asking the court to vacate the February Order, receive further evidence at a hearing, and not return the matter to the Magistrate Judge. (Id. at 8.)

B.  The Court's Review

Upon review of the documentation submitted in support of the Appeal/Motion to Vacate,

the court is not persuaded that Plaintiff's General Objections provide a basis for vacating the February Order. In this regard, the court observes that Plaintiff as a pro se party was not entitled to a Rule 26(f) conference. Local Civ. Rule 16.00 n.8 (D.S.C.) ("Due to the special concerns raised by oral communications between counsel and unrepresented litigants, it is the general practice in this district to waive the Fed. R. Civ. P. 26(f) conference requirement when any party is proceeding pro se."); Local Civ. Rule 7.02 (D.S.C.) ("Counsel is under no duty to consult with a pro se litigant."). Moreover, the Magistrate Judge did not abuse her discretion by entering the February Order without having a motion hearing[3] and while a motion to recuse was pending in another case.[4] Finally, Rule 37 did not require the Magistrate Judge to assess bad faith on the part of Lowe's as the movant seeking discovery. See, e.g., Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (In determining what sanctions to impose under Rule 37, a district court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.") (citation omitted).

Additionally, the court considered Plaintiff's observations regarding his indigent status as provided by his Specific Objections and concluded that they do not establish the "manifest bias" of the Magistrate Judge in granting Lowe's Motion to Compel. (ECF No. 61 at 7.) Notwithstanding his indigent circumstances, Plaintiff has not met the requirements for the court to appoint him counsel. See, e.g., Drummond v. Major Neal Urch, Dir., C/A No.: 5:15-cv-

---

[3] Unless so ordered, motions may be determined without a hearing. Local Civ. Rule 7.08 (D.S.C.).

[4] The court generally considers 3 factors in determining whether to stay a matter pending the decision in another case: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Johnson v. DePuy Orthopaedics, Inc., No. 3:12-cv-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (granting stay pending a transfer of the case to MDL) (citation omitted).

04285-MGL-KDW, 2016 WL 3569544, at *2 (D.S.C. July 1, 2016) ("Although the court has discretion to appoint counsel for an indigent in a civil action, such appointment should be allowed only in exceptional cases. The existence of exceptional circumstances will turn on the quality of two basic factors – the type and complexity of the case, and the abilities of the individuals bringing it.") (citing 28 U.S.C. § 1915(e)(1); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971)) (internal and external quotation marks omitted). Until Plaintiff as a self-representative is able to find counsel on his own or is appointed counsel by the court, he must comply with the relevant rules of procedural and substantive law. Williams v. Harvey, C/A No. 4:05CV161, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)). As a result, the court is unable to conclude that the February Order is clearly erroneous or contrary to law.

Accordingly, the court must deny Plaintiff's Appeal/Motion to Vacate.

## IV.    CONCLUSION

For the foregoing reasons, the court **OVERRULES** Plaintiff's Objections and **DENIES** his Appeal/Motion to Vacate the Order entered by the Magistrate Judge on February 29, 2016. (ECF No. 61.) The court recommits the matter to United States Magistrate Judge Paige J. Gossett for consideration of any remaining discovery-related issues.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 20, 2016
Columbia, South Carolina