IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 0:15-2313-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lowe's Home Centers, LLC; E.E.O.C. of Charlotte, NC; John Hayward; Mike Calzareeta; Doug Ford; Rayvon Irby, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Eric Alan Sanders, filed this employment action asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; and 42 U.S.C. § 1983, as well as various state law claims against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the motion of Defendant Lowe's Home Centers, LLC to dismiss certain state law claims. (ECF No. 37.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Sanders of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 40.) Defendant Lowe's Home Centers filed a document with the court indicating that Sanders provided it with a response to its motion to dismiss,

but did not file such response with the court. (See ECF No. 49.) Sanders ultimately filed his untimely response with the court several months later. (ECF No. 27.)[1]

Having reviewed the parties' submissions and the applicable law, the court finds that Sanders's state law claims that are the subject of this motion fail for the reasons stated by the defendant.[2] In short, he cannot bring a civil action for alleged violations of criminal statutes, see S.C. Code Ann. § 17-1-10; he has failed to plead facts stating a plausible claim for conspiracy, see McClain v. Pactiv Corp., 602 S.E.2d 87, 90 (S.C. Ct. App. 2004); Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); he has failed to allege facts stating a plausible claim for violation of S.C. Code Ann. § 16-17-560 or for libel or slander; and any claim for loss of consortium is precluded under the South Carolina Workers' Compensation Law, see Lowery v. Wade Hampton Co., 241 S.E.2d 556, 558 (S.C. 1978).

---

[1] Because Sanders's response was untimely filed, the court has not considered it in making its recommendation. However, consideration of Sanders's response would not change the court's analysis and recommendation in any event.

[2] Defendants John Hayward, Mike Calzareeta, Doug Ford, Rayvon Irby were never served with process. Accordingly, the court recommends that these defendants be dismissed from this action without prejudice. See Fed. R. Civ. P. 4(m). By previous report and recommendation, the court recommended that Defendant EEOC of Charlotte, NC be dismissed without prejudice. (See ECF No. 26.)

Accordingly, the court recommends that Defendant Lowe's Home Centers's motion to dismiss be granted.[3]  (ECF No. 37.)

_____<br>
Paige J. Gossett<br>
UNITED STATES MAGISTRATE JUDGE

July 25, 2016<br>
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] If this recommendation is adopted, Plaintiff's federal claims pursuant to Section 1983, Title VII, and the ADA, as well as his claim based on the South Carolina Human Affairs Law, would remain pending.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).