IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 0:15-2313-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Lowe's Home Centers, LLC; E.E.O.C. of Charlotte, NC; John Hayward; Mike Calzareeta; Doug Ford; Rayvon Irby, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Eric Alan Sanders, filed this action asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; and 42 U.S.C. § 1983, as well as various state law claims against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant Lowe's Home Centers, LLC's motion to dismiss Sanders's Complaint due to his noncompliance with the discovery process, filed as an alternative to their motion to compel. (ECF No. 54.) The court granted Lowe's Home Centers's motion to compel and directed Sanders to fully respond to the defendant's discovery requests by March 14, 2016. (ECF No. 56.) Lowe's Home Centers subsequently informed the court that Sanders made some disclosures following the court's Order, but had not fully responded to its discovery requests. (ECF No. 65.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion for dismissal as a discovery sanction should be denied at this time without prejudice.

**BACKGROUND**

As previously recounted by the court in its February 29, 2016 order addressing the defendant's motion to compel, the defendants initially served Sanders with discovery requests on December 15, 2015. (See Defs.' Mot. to Compel, Ex. A, ECF No. 54-1.) After the defendants did not receive discovery responses from Sanders, they wrote a letter to Sanders on January 21, 2016, informing him that his responses were overdue. (See id., Ex. B, ECF No. 54-2.) Sanders responded to the defendants by email on January 28, 2016, in which he informed them that, due to his indigent status, he could not "conduct discovery or even produce the documents" the defendants requested. (See id., Ex. C, ECF No. 54-3.) Additionally, he stated that he "intend[ed]" to respond to the requested interrogatories, but could not respond "at this time" due to deadlines in his other federal cases, and noted that he intended to file a motion to stay the instant case and a motion to extend the discovery deadline. (Id.) Sanders did not file a response to the defendants' motion to compel. Moreover, Sanders did not file any motion with the court in the instant matter during the time period at issue requesting a stay or extension of the deadlines established in the court's Scheduling Order.¹

The court then granted the defendant's motion to compel. In a subsequent filing dated March 16, 2016, Lowe's indicated that Sanders has provided some discovery responses and documents, but

---

¹ Sanders's August 31, 2015 motion to stay was denied by order issued September 21, 2015. The court notes that the Defendant Lowe's filed replies with the court on December 30, 2015 responding to documents it had received from Sanders that were not filed with the court. (See ECF Nos. 49 & 50.) The defendant describes one of these documents as entitled "Plaintiff's Motion to Alter Scheduling Order; Motion for Class Certification Joined." (ECF No. 50.) Sanders is reminded that any responses or motions not filed with the court will not be considered in this matter, and that all documents must be filed in accordance with the court's *pro se* filing procedures. See http://www.scd.uscourts.gov/DOCS/PROSE.pdf.



had not complied with the applicable rules in doing so and had not responded to all of the defendant's outstanding requests.

**DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure provides in part that, if a party fails to obey an order to provide discovery, the court may issue sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A). In determining whether dismissal is appropriate under Fed. R. Civ. P. 37, the court must consider the following factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not produced; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Savings & Loan v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Applying these factors, the court concludes that Sanders has made some effort to comply with the court's previous order granting the motion to compel and that dismissal of his Complaint at this juncture would be premature and overly drastic at this stage, in light of the fact that no lesser sanctions have been yet imposed. Accordingly, the court recommends that the defendant's motion to dismiss be denied at this time without prejudice to seek further relief, including dismissal of the Complaint, if future circumstances so warrant. However, the court finds that Sanders's failure to fully comply with the court's previous order warrants an award of attorneys fees and costs incurred in connection with the portion of the defendant's filing ECF No. 65 that addresses the deficiencies in Sanders's response to the court's order. See Fed. R. Civ. P. 37(b)(2)(C). The defendant shall file an affidavit of fees and costs associated with that issue by **August 24, 2016**.



**ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that Sanders shall respond to the defendant's Interrogatories 1-4 and 6-11 by <u>August 8, 2016</u> in accordance with the Federal Rules of Civil Procedure—specifically Rule 33(b). **Failure to comply may result in contempt of court and/or other sanctions, including but not limited to dismissal of the Complaint, pursuant to Rule 37(d) (incorporating the sanctions listed in Rule 37(b)(2)(A)(i)-(vi)) of the Federal Rules of Civil Procedure.** It is further

**ORDERED** that the deadline in which to file any dispositive motion is extended until <u>August 24, 2016</u>.

**IT IS SO ORDERED.**

**RECOMMENDATION**

For the reasons discussed above, the court recommends that the defendant's motion to dismiss be denied at this time without prejudice to seek further relief, including dismissal of the Complaint, if future circumstances so warrant, including but not limited to failure to comply with the court's Order contained herein.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 25, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).