**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Eric Alan Sanders,                     ) | Civil Action No. 0:15-cv-02313-JMC |
|                                        ) | |
|            Plaintiff,      ) | |
| v.                                     ) | |
|                                        ) | **ORDER AND OPINION** |
| Lowe's Home Centers, LLC; EEOC of      ) | |
| Charlotte, NC; John Hayward; Mike      ) | |
| Calzareeta; Doug Ford; Rayvon Irby,    ) | |
|                                        ) | |
|            Defendants.    ) | |
| _____) | |

Plaintiff Eric Alan Sanders ("Sanders" or "Plaintiff") filed this action pro se against Defendants Lowe's Home Centers, LLC ("Lowe's"); the EEOC of Charlotte, NC; John Hayward; Mike Calzareeta; Doug Ford; and Rayvon Irby alleging that he was subjected to discrimination, retaliation, and a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213.  (ECF No. 16.)  Plaintiff also alleges claims for violation of his civil rights under 42 U.S.C. § 1983 and state law claims for violation of South Carolina statutory law.  (ECF No. 16.)

This matter is before the court pursuant to a Report and Recommendation (ECF No. 26) issued by United States Magistrate Judge Paige J. Gossett.[1]  On September 21, 2015, the

---

[1] The court observes that Plaintiff filed a Notice of Appeal (ECF No. 84) of the Order (ECF No. 73) entered by the court on July 20, 2016 (the "July Order").  In the July Order, the court overruled Plaintiff's Objections and denied his Appeal/Motion to Vacate (ECF No. 61) an Order entered by the Magistrate Judge on February 29, 2016.  (ECF No. 56.)  The court has jurisdiction to address this pending Report and Recommendation because adjudication of the issue will not affect the appeal.  E.g., Durham School Servs., L.P. v. Gen. Drivers, Warehousemen & Helpers, Local Union No. 509, No. 2:14-cv-1241-DCN, 2016 WL 1095498, at *2 (D.S.C. Mar. 21, 2016) ("[N]otwithstanding the filing of a notice of appeal, district courts retain jurisdiction to determine collateral and ancillary matters that do not affect the questions presented on appeal.") (citing, e.g., Langham-Hill Petroleum, Inc. v. S. Fuels Co., 813 F.2d 1327, 1330–31 (4th Cir. 1987)).

Magistrate Judge issued a Report and Recommendation in which she recommended that the court dismiss Defendant EEOC of Charlotte, NC ("EEOC") from the matter "without prejudice and without issuance and service of process." (Id. at 6.)  Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which Objections are presently before the court. (ECF No. 33.)  For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **DISMISSES** the EEOC from this matter.

## I.     RELEVANT BACKGROUND OF THE MATTER

On August 13, 2015, Plaintiff filed an Amended Complaint in this action alleging as follows:

> I am also joining as a party the EEOC of Charlotte, NC – a "public entity" as defined by § 35.104 of Title 28 of the Code of Federal Regulations (42 U.S.C. § 12132 and 28 C.F.R. Part 35); furthermore, the EEOC of Charlotte, NC is a "labor organization" according to Section 1-13-30(g) of the South Carolina Human Affairs Law.
>
> I am charging the EEOC of Charlotte, NC with intentional and malicious professional negligence/discrimination/retaliation/interference/coercion including, but not limited; refusal to properly investigate these charges, refusal to acknowledge my charge in writing in a timely manner; failing/refusal to file for temporary or preliminary relief pending final disposition of the charge to protect me from irreparable emotional, refusal to produce a right to sue letter with sufficient detail to proceed in District Court and establish proper jurisdiction; intentionally failing to provide any form of technical assistance in violation of 42 U.S.C. Section 12206 (Section 507) c(1), § 35.130(a) and § 35.134(a)–(b) of Title 28 of the Code of Federal Regulations.
>
> I am alleging that the EEOC of Charlotte, NC violated these laws primarily due to the nature of my disabilities (mental) and for complaining, in the past, regarding the negligence of EEOC employees in handling two previous charges.
>
> I am alleging that I, a qualified individual with a disability, by reason of such disability, was excluded from participation in, denied the benefits of the services, programs, activities, of the EEOC of Charlotte, NC a public entity and a labor organization, and was subjected to discrimination by the subject entity in violation of 42 U.S.C. § 12132 and Section 1-13-80(B) and (C)(1) of the South Carolina Human Affairs Law.

(ECF No. 16 at 8 ¶ 39–9 ¶ 42.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge reviewed the allegations against the EEOC and issued the aforementioned Report and Recommendation on September 21, 2015. (ECF No. 26.) On October 9, 2015, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 33.)

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claim via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII. Additionally, the court has jurisdiction over Plaintiff's ADA claim via 28 U.S.C. § 1331, as the claim arises under a law of the United States, and also via 42 U.S.C. §§ 12117 & 2000e–5(f)(3), which empower district courts to hear claims by "person[s] alleging discrimination on the basis of disability." The court may properly hear Plaintiff's state law claims based on supplemental jurisdiction since they are "so related to claims in the action within such original jurisdiction that . . . it form[s] part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

## III.     LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections[2] are filed, and reviews those portions which are not objected to - including those portions to

---

[2] An objection is specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." One Parcel of Real Prop. Known As 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

which only "general and conclusory" objections have been made - for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

B.      Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  Haines, 404 U.S. at 520.  "The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so."  Mansouri v. Comm'r of Soc. Sec. Admin., C/A No. 8:14-cv-02251-JMC, 2015 WL 5009260, at *3 (D.S.C. Aug. 20, 2015) (citing Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999)).  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## IV.     ANALYSIS

A.      The Report and Recommendation

Upon her review, the Magistrate Judge observed that the basis of Plaintiff's claims against the EEOC was an alleged mishandling of Plaintiff's Charge, which position has been uniformly denied as not actionable.  (ECF No. 26 at 4 (citing, e.g., Cetina v. Michelin N. Am.,

4

C/A No. 6:12-2222-HMH-JDA, 2012 WL 5430274, at *3 (D.S.C. Oct. 2, 2012) ("All circuit courts that have addressed the issue agree that 'a private-sector employee has no cause of action against the EEOC for its failure to process a charge of discrimination.'" (quoting Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000)).  Moreover, the Magistrate Judge observed that as an agency of the United States, the EEOC cannot be sued without consent from the Government and enjoys immunity from suits for damages at common law.  (ECF No. 26 at 5 (citing, e.g., Global Mail Ltd. v. U.S. Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit); Perkins v. United States, 55 F.3d 910, 913 (4th Cir. 1995) ("As sovereign, the United States enjoys immunity from suits for damages at common law.")).)  As a result of the foregoing, the Magistrate Judge concluded that Plaintiff's claims for violation of Title VII and/or the ADA, and any constitutional and/or state law claims should be summarily dismissed.  (ECF No. 26 at 4–6.)

B.  Plaintiff's Objections

Plaintiff states both "general" and "specific" Objections to the Magistrate Judge's Report and Recommendation.  In his General Objections, Plaintiff argues the Report and Recommendation should be vacated because: (1) the court has required him to certify his income on two occasions (ECF No. 33 at 2); and (2) the Magistrate Judge issued the Report while Plaintiff's motion to recuse was pending in all of his cases.  (Id.)  In his Specific Objections, Plaintiff argues that ADA claims against the EEOC are permissible since the statute uses a definition of person that includes "individuals, governments, government agencies, . . . [and] legal representatives."  (ECF No. 33 at 3 (referencing 42 U.S.C. §§ 2000e).)  Plaintiff further argues that the United States did waive its sovereign immunity since the definition of person

5

includes governments and government agencies.  (Id. (referencing 42 U.S.C. §§ 2000e).)  In support of his arguments, Plaintiff asserts that he is entitled to proceed with his claims against the agency because the EEOC expressly refused to investigate his claim and interfered with his participation in the complaint process.  (Id. at 4–6.)

C.     The Court's Review

Because he has alleged the denial of benefits of the EEOC's services, programs, and activities, Plaintiff asserts a violation of Title II of the ADA, which law protects individuals from exclusion from participation in or the denial of "the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  However, for ADA purposes, the federal government is not included within the definition of a public entity.  See 42 U.S.C. § 12131(1) (defining a "public entity" as any state or local government, instrumentality thereof, or the National Railroad Passenger Corporation); see Cellular Phone Taskforce v. Fed. Commc'ns Comm'n, 217 F.3d 72, 73 (2d Cir. 2000) (holding that "Title II of the ADA is not applicable to the federal government.").  Therefore, absent an explicit waiver of sovereign immunity, the United States, its agencies, and employees are generally immune from suit.  United States v. Mitchell, 445 U.S. 535, 538 (1980); see also Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).  In this regard, Plaintiff cannot sue the EEOC under the ADA because the ADA does not contain a waiver of sovereign immunity.  E.g., Najee v. Fed. Bureau of Prisons, C/A No. 2:11cv46, 2012 WL 510308, at *3 (N.D. W. Va. Jan. 18, 2012) ("The ADA does not contain a waiver of sovereign immunity and thus does not apply to the federal government.") (citation omitted); Gray v. United States, 69 Fed. Cl. 95, 102 (U.S. Ct. Fed. Claims 2005) (holding that "the United States has not waived its sovereign immunity to be sued under the ADA . . . [and the Court of Federal Claims] has no alternative but to dismiss

plaintiff's ADA claim."); Whooten v. Bussanich, No. Civ. 4:CV-04-223, 2005 WL 2130016, at *7 (M.D. Pa. Sept. 2, 2005) ("The ADA does not contain a waiver of sovereign immunity and thus, does not apply to the federal government.") (citation omitted). Accordingly, Plaintiff's Objection to the Report and Recommendation is without merit and is overruled.

## V.     CONCLUSION

For the foregoing reasons, the court **DISMISSES** the claims in the Amended Complaint (ECF No. 16) against Defendant EEOC of Charlotte, NC without prejudice and without issuance and service of process. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 26, 2016
Columbia, South Carolina