# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, ) | Civil Action No. 0:15-cv-02313-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Lowe's Home Centers, LLC; EEOC of ) | |
| Charlotte, NC; John Hayward; Mike ) | |
| Calzareeta; Doug Ford; Rayvon Irby, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Eric Alan Sanders ("Sanders" or "Plaintiff") filed this action pro se against Defendants Lowe's Home Centers, LLC ("Lowe's"); the EEOC of Charlotte, NC; John Hayward ("Hayward"); Mike Calzareeta ("Calzareeta"); Doug Ford ("Ford"); and Rayvon Irby ("Irby") alleging that he was subjected to discrimination, retaliation, and a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213. (ECF No. 16.) Plaintiff also alleges claims for violation of his civil rights under 42 U.S.C. § 1983 and state law claims for violation of South Carolina statutory law. (ECF No. 16.)

This matter is before the court on Lowe's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 37.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.[1] On July 26, 2016, the Magistrate Judge issued a Report

---

[1] The court observes that Plaintiff filed a Notice of Appeal (ECF No. 84) of the Order (ECF No. 73) entered by the court on July 20, 2016 (the "July Order"). In the July Order, the court overruled Plaintiff's Objections and denied his Appeal/Motion to Vacate (ECF No. 61) an Order entered by the Magistrate Judge on February 29, 2016. (ECF No. 56.) The court has jurisdiction to address this pending Report and Recommendation because adjudication of the issue will not affect the appeal. E.g., Durham School Servs., L.P. v. Gen. Drivers, Warehousemen & Helpers,

and Recommendation (ECF No. 76) in which she recommended that the court dismiss from the action certain specified state law claims asserted by Plaintiff (id. at 2) and Defendants Hayward, Calzareeta, Ford, and Irby pursuant to Rule 4(m).[2] (Id. at 2 n.2.) Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which Objections are presently before the court. (ECF No. 89.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **DISMISSES** from this matter Plaintiff's state law claims as specified and Defendants Hayward, Calzareeta, Ford, and Irby.

## I.     RELEVANT BACKGROUND OF THE MATTER

On August 13, 2015, Plaintiff filed an Amended Complaint (ECF No. 16), which pleading was construed by the court to allege the following federal claims:

> Violation of Titles I and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., to include the alleged failure to provide reasonable accommodation and retaliation;
>
> Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., to include discrimination based on Plaintiff's sex and race, creation of a hostile work environment, retaliation, and constructive discharge; and
>
> Violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983.

(ECF No. 27 at 1.) In addition, the court construed the Amended Complaint as alleging the following claims under state law:

> Violation of the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10, et seq.;
>
> Violation of S.C. Code Ann. § 16-7-150 (Slander and libel);
>
> Violation of S.C. Code Ann. § 16-17-410 (Conspiracy);
>
> Violation of S.C. Code Ann. § 16-17-560 (Assault or intimidation on account of political opinions or exercise of civil rights); and

---

Local Union No. 509, No. 2:14-cv-1241-DCN, 2016 WL 1095498, at *2 (D.S.C. Mar. 21, 2016) ("[N]otwithstanding the filing of a notice of appeal, district courts retain jurisdiction to determine collateral and ancillary matters that do not affect the questions presented on appeal.") (citing, e.g., Langham-Hill Petroleum, Inc. v. S. Fuels Co., 813 F.2d 1327, 1330–31 (4th Cir. 1987)).

[2] The court observes that "Rule" refers to the Federal Rules of Civil Procedure.

  Violation of S.C. Code Ann. § 15-75-20 (Loss of companionship).

(ECF No. 27 at 2.)

  In response to Plaintiff's Amended Complaint, Lowe's filed its Motion to Dismiss on November 6, 2015, seeking dismissal of the claims alleging violation of S.C. Code Ann. §§ 16-7-150, -17-410, -17-560, and 15-75-20 (2016).  (ECF No. 37.)  On December 30, 2015, Lowe's filed a Reply to an untimely Response to the Motion to Dismiss (signed December 14, 2015) that was allegedly submitted by Plaintiff to Lowe's, but was not filed with the court.  (See ECF Nos. 49 at 1 & 49-1.)  On March 11, 2016, Plaintiff filed a second untimely Response to Lowe's Motion to Dismiss.  (ECF No. 59.)  Thereafter, on March 16, 2016, Lowe's filed a Reply to Plaintiff's Untimely Response Brief.  (ECF No. 64.)

  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge, after reviewing the allegations in the Amended Complaint and considering the parties' arguments, issued the aforementioned Report and Recommendation on July 26, 2016.  (ECF No. 76.)  On August 11, 2016, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation.  (ECF No. 89.)

## II. JURISDICTION

  This court has jurisdiction over Plaintiff's Title VII claim via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII.  Additionally, the court has jurisdiction over Plaintiff's ADA claim via 28 U.S.C. § 1331, as the claim arises under a law of the United States, and also via 42 U.S.C. §§ 12117 & 2000e–5(f)(3), which empower district courts to hear claims by "person[s] alleging discrimination on the basis of disability."  The court may properly hear Plaintiff's state law claims based on supplemental jurisdiction since they are "so related to claims in the action within such original jurisdiction that . . . it form[s] part of the same case or

controversy . . . ." 28 U.S.C. § 1367(a).

### III.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections[3] are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     <u>Motions to Dismiss Generally</u>

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); <u>see also</u> <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[3] An objection is specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." <u>One Parcel of Real Prop. Known As 2121 E. 30th St.</u>, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985)).

4

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

C.     Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  Haines, 404 U.S. at 520.  "The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so."  Mansouri v. Comm'r of Soc. Sec. Admin., C/A No. 8:14-cv-02251-JMC, 2015 WL 5009260, at *3 (D.S.C. Aug. 20, 2015) (citing Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999)).  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d

5

387, 390–91 (4th Cir. 1990).

## IV.   ANALYSIS

A.   <u>The Report and Recommendation</u>

Upon her review, the Magistrate Judge specifically stated the following about Plaintiff's state law claims:

> In short, he cannot bring a civil action for alleged violations of criminal statutes, <u>see</u> S.C. Code Ann. § 17-1-10; he has failed to plead facts stating a plausible claim for conspiracy, <u>see</u> <u>McClain v. Pactiv Corp.</u>, 602 S.E.2d 87, 90 (S.C. Ct. App. 2004); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677–78 (2009); he has failed to allege facts stating a plausible claim for violation of S.C. Code Ann. § 16-17-560 or for libel or slander; and any claim for loss of consortium is precluded under the South Carolina Workers' Compensation Law, <u>see</u> <u>Lowery v. Wade Hampton Co.</u>, 241 S.E.2d 556, 558 (S.C. 1978).

(ECF No. 76 at 2.)  The Magistrate Judge further observed that Plaintiff had failed to serve process on Defendants Hayward, Calzareeta, Ford, and Irby.  (<u>Id.</u> at 2 n.2.)  As a result, the Magistrate Judge recommended granting Lowe's Motion to Dismiss.  (<u>Id.</u> at 3.)

B.   <u>Plaintiff's Objections</u>

Plaintiff states both "general" and "specific" Objections to the Magistrate Judge's Report and Recommendation.  In his General Objections, Plaintiff argues that the Report and Recommendation should be vacated because: (1) it is contradictory; (2) it disregarded Plaintiff's Response to the Motion to Dismiss; and (3) it fails to detail the Magistrate Judge's "'analysis and recommendation' that underlies her ruling."  (ECF No. 89 at 28.)  In addition, Plaintiff requests that the court certify his state law claims to the South Carolina Supreme Court.  (<u>Id.</u>)

In his Specific Objections, Plaintiff argues that he was not provided a copy of the unexecuted Summons (ECF No. 35) and that he provided enough information to serve Defendants Hayward, Calzareeta, Ford, and Irby at an alternative address of the Lowe's store in Rock Hill, South Carolina.  (ECF No. 89 at 29–30.)  Moreover, "Plaintiff moves the Court to

6

order the Defendant Lowe's to confirm the employment of these individuals, to produce their last known mailing address, or to accept service on behalf of the individual defendants." (Id. at 30.)

C. The Court's Review

   *1. Dismissal of State Law Claims*

Upon review, the court observes that Plaintiff did not assert specific objections to the Magistrate Judge's recommendation that the court dismiss Plaintiff's state law claims. Therefore, the court is not required to provide de novo review of Plaintiff's general complaints about the Report and Recommendation, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315. In this regard, the court finds that the Report and Recommendation does not contain clear error. Accordingly, the court overrules Plaintiff's Objections.

   *2. Dismissal of Defendants for Failure to Serve*

Plaintiff specifically objects to the Magistrate Judge's recommendation that the court dismiss Defendants Hayward, Calzareeta, Ford, and Irby from the action because they were never served with process. (ECF No. 76 at 2 n.2.) Rule 4(m) provides that "[i]f a defendant is not served within 120 days[4] after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "[I]n order to show good cause, a plaintiff must demonstrate that he made reasonable, diligent efforts to effect service on the defendant." Hyman v. S.C. Dep't of Corr., C/A No. 4:13-cv-3523-MGL-TER, 2016 WL 4055672, at *3 (D.S.C. June 15, 2016) (quoting Hammad v. Tate Access Floors, Inc.,

---

[4] The court observes that the revised Rule 4(m) only allows for 90 days to serve a defendant after filing the complaint. Id. At the time Plaintiff was attempting to serve Defendants Hayward, Calzareeta, Ford, and Irby, the former Rule 4(m) allowing 120 days was still in place.

31 F. Supp. 2d 524, 528 (D. Md. 1999)).

The court observes that Plaintiff filed the Amended Complaint (ECF No. 16) on August 13, 2015, and the pleading needed to have been served on or before December 11, 2015, to comply with Rule 4(m). Although Plaintiff attempts to shift blame for the failure to serve the Amended Complaint, he is unable to demonstrate reasonable, diligent efforts to effect service on Defendants Hayward, Calzareeta, Ford, and Irby. Therefore, because Plaintiff is unable to demonstrate good cause under Rule 4(m), dismissal of the claims against Defendants Hayward, Calzareeta, Ford, and Irby is appropriate. Accordingly, Plaintiff's Objection to the Report and Recommendation is without merit and is overruled.

## V.     CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendant Lowe's Home Centers, LLC's Motion to Dismiss (ECF No. 37) and **DISMISSES** the claims in the Amended Complaint alleging violation of S.C. Code Ann. §§ 16-7-150, 16-17-410, 16-17-560, and 15-75-20 (2016). The court also **DISMISSES** the action against Defendants John Hayward, Mike Calzareeta, Doug Ford, and Rayvon Irby without prejudice pursuant to Rule 4(m). The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 76) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 27, 2016
Columbia, South Carolina