**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Eric Alan Sanders, ) | Civil Action No. 0:15-cv-02313-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Lowe's Home Centers, LLC; EEOC of ) | |
| Charlotte, NC; John Hayward; Mike ) | |
| Calzareeta; Doug Ford; Rayvon Irby, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Eric Alan Sanders ("Sanders" or "Plaintiff") filed this action pro se against Defendants Lowe's Home Centers, LLC ("Lowe's"); the EEOC of Charlotte, NC; John Hayward ("Hayward"); Mike Calzareeta ("Calzareeta"); Doug Ford ("Ford"); and Rayvon Irby ("Irby") alleging that he was subjected to discrimination, retaliation, and a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213. (ECF No. 16.) Plaintiff also alleges claims for violation of his civil rights under 42 U.S.C. § 1983 and state law claims for violation of South Carolina statutory law. (ECF No. 16.)

This matter is before the court on Lowe's Motion to Dismiss pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure. (ECF No. 54.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.[1] On July 26, 2016, the Magistrate

---

[1] The court observes that Plaintiff filed a Notice of Appeal (ECF No. 84) of the Order (ECF No. 73) entered by the court on July 20, 2016 (the "July Order"). In the July Order, the court overruled Plaintiff's Objections and denied his Appeal/Motion to Vacate (ECF No. 61) an Order entered by the Magistrate Judge on February 29, 2016. (ECF No. 56.) The court has jurisdiction to address this pending Report and Recommendation because adjudication of the issue will not affect the appeal. E.g., Durham School Servs., L.P. v. Gen. Drivers, Warehousemen & Helpers,

Judge issued a Report and Recommendation (ECF No. 77) in which she recommended that the court deny Lowe's Motion to Dismiss "without prejudice to seek further relief, including dismissal of the Complaint, if future circumstances so warrant, . . . ." (Id. at 4.) Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which Objections are presently before the court. (ECF No. 89.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **DENIES** Lowe's Motion to Dismiss.

## I.     RELEVANT BACKGROUND OF THE MATTER

On December 15, 2015, Lowe's served Plaintiff with Interrogatories and Requests for Production of Documents. (ECF No. 54-1 at 2–17.) When Lowe's did not receive any discovery responses from Plaintiff, Lowe's attorney sent correspondence to Plaintiff on January 21, 2016, requesting discovery responses in lieu of having to file a motion to compel. (ECF No. 54-2 at 2.) On January 28, 2016, Plaintiff advised Lowe's attorney by e-mail that Plaintiff intended to answer the discovery requests, but was "unable to, not unwilling to, respond appropriately at this time." (ECF No. 54-3 at 2.)

Thereafter, on February 3, 2016, Lowe's filed the instant Motion as a Motion to Compel Discovery Responses or, in the alternative, Motion to Dismiss. (ECF No. 54.) After Plaintiff failed to file a response to the Motion, the Magistrate Judge entered an Order on February 29, 2016, granting Lowe's Motion to Compel, ordering Plaintiff to fully respond to Lowe's discovery requests by March 14, 2016, and holding in abeyance any ruling on the Motion to Dismiss. (ECF No. 56.) On March 16, 2016, Lowe's informed the court that "Sanders made some disclosures following the court's Order, but had not fully responded to its discovery

---

Local Union No. 509, No. 2:14-cv-1241-DCN, 2016 WL 1095498, at *2 (D.S.C. Mar. 21, 2016) ("[N]otwithstanding the filing of a notice of appeal, district courts retain jurisdiction to determine collateral and ancillary matters that do not affect the questions presented on appeal.") (citing, e.g., Langham-Hill Petroleum, Inc. v. S. Fuels Co., 813 F.2d 1327, 1330–31 (4th Cir. 1987)).

requests." (ECF No. 77 at 1 (referencing ECF No. 65 at 2).)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge, after reviewing the parties' submissions, issued the aforementioned Report and Recommendation on July 26, 2016. (ECF No. 77.) On August 11, 2016, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 89.)

## II.  JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claim via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII. Additionally, the court has jurisdiction over Plaintiff's ADA claim via 28 U.S.C. § 1331, as the claim arises under a law of the United States, and also via 42 U.S.C. §§ 12117 & 2000e–5(f)(3), which empower district courts to hear claims by "person[s] alleging discrimination on the basis of disability." The court may properly hear Plaintiff's state law claims based on supplemental jurisdiction since they are "so related to claims in the action within such original jurisdiction that . . . it form[s] part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

## III.  LEGAL STANDARD

A.   The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections[2]

---

[2] An objection is specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." One Parcel of Real Prop. Known As 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

3

are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.    The Court's Imposition of Sanctions

Rule 37[3] permits the district court to enter orders compelling discovery and to impose an array of sanctions for the failure to comply with such orders. See Fed. R. Civ. P. 37(b)(2)(A). Use of Rule 37 sanctions rests in the sound discretion of the district court. Wilkins v. Montgomery, 751 F.3d 214, 221 (4th Cir. 2014) (citing Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278–79 (4th Cir. 2005)). Extensions and delay in providing discovery are a constant problem and all sanctions provided for by Rule 37 must be available. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (dismissal must be available both to sanction the parties before the court and to deter others from abusing the discovery process). To dismiss an action under Rule 37, the court must consider "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (citation omitted). Nevertheless, in considering what sanctions are appropriate, the court must focus on determining a sanction that fits the case at hand, considering the potential harm to the party seeking discovery and the conduct of the non-producing party.

---

[3] The court observes that "Rule" refers to the Federal Rules of Civil Procedure.

Taylor v. Specialty Mktg., Inc., No. 91-3053, 1993 WL 21080, at *2 (4th Cir. Feb. 2, 1993).

Rule 41(b) authorizes a court "to dismiss an action for failure to prosecute or for failure to comply with court orders." Dusange-Hayer v. Karnalyte Res., Inc., C/A No. 2:15-4341-DCN-BM, 2016 WL 5334682, at *4 (D.S.C. July 29, 2016). "Whether to dismiss under Rule 41(b) is a matter for the Court's discretion[.]" Id. (citing Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)). To dismiss an action under Rule 41, the court must consider "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citation omitted).

## IV.     ANALYSIS

A.     The Report and Recommendation

Upon her review, the Magistrate Judge concluded that because Plaintiff had "specifically made some effort to comply with the court's previous order granting the motion to compel[,] . . . dismissal of his Complaint at this juncture would be premature and overly drastic at this stage, in light of the fact that no lesser sanctions have been yet imposed." (ECF No. 77 at 3.) As a result, the Magistrate Judge recommended that the court deny Lowe's Motion to Dismiss, but award it "attorney's fees and costs incurred in connection with the portion of . . . [Lowe's] filing ECF No. 65 that addresses the deficiencies in Sanders's response to the court's order."[4] (Id.)

B.     Plaintiff's Objections

In the document containing Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 89), Plaintiff does not expressly state opposition to the Magistrate

---

[4] The Magistrate Judge ordered counsel for Lowe's to file an affidavit of fees and costs on or before August 24, 2016. (ECF No. 77 at 3.) Counsel for Lowe's filed the Affidavit on August 22, 2016. (ECF No. 91.)

5

Judge's recommendation to deny Lowe's Motion to Dismiss. More specifically, Plaintiff devotes the entirety of the document to seeking reconsideration of the Magistrate Judge's decisions to (1) enter a "defective and unenforceable" Scheduling Order (id. at 6); (2) grant Lowe's Motion to Compel and sanction Plaintiff (id. at 11–16); and (3) not appoint Plaintiff counsel, recuse herself, or stay the matter. (Id. at 17–26.)

C.    The Court's Review

Upon review, the court observes that Plaintiff did not assert specific objections to the Magistrate Judge's recommendation that the court deny Lowe's Motion to Dismiss Plaintiff's Amended Complaint. Therefore, the court is not required to provide de novo review of Plaintiff's general complaints about the Report and Recommendation, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315. In this regard, the court finds that the Report and Recommendation does not contain clear error. Accordingly, the court overrules Plaintiff's Objections.

## V.    CONCLUSION

For the foregoing reasons, the court **DENIES WITHOUT PREJUDICE** Defendant Lowe's Home Centers, LLC's Motion to Dismiss (ECF No. 54). The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 77) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 27, 2016
Columbia, South Carolina