**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | Civil Action No. 0:15-cv-02313-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Lowe's Home Centers, LLC; EEOC of Charlotte, NC; John Hayward; Mike Calzareeta; Doug Ford; Rayvon Irby, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Eric Alan Sanders ("Sanders" or "Plaintiff") filed this action pro se against Defendants Lowe's Home Centers, LLC ("Lowe's"); the EEOC of Charlotte, NC; John Hayward ("Hayward"); Mike Calzareeta ("Calzareeta"); Doug Ford ("Ford"); and Rayvon Irby ("Irby") alleging that he was subjected to discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213.[1]  (ECF No. 16.)  Plaintiff also alleges claims for violation of his civil rights under 42 U.S.C. § 1983 and state law claims for violation of South Carolina statutory law.  (ECF No. 16.)

This matter is before the court on Plaintiff's Motion for Reconsideration of the court's Order entered on July 20, 2016 (the "July Order") pursuant to Rules 54(b), 59(e), and 60(b) of the Federal Rules of Civil Procedure.[2]  (ECF No. 88.)  Specifically, in the July Order (ECF No.

---

[1] The court observes that it has dismissed Defendants the EEOC of Charlotte, NC; Hayward; Calzareeta; Ford; and Irby from the action.  (ECF Nos. 100, 103.)

[2] The court observes that on the same day Plaintiff filed his Motion for Reconsideration, he filed a Notice of Appeal (ECF No. 84) of the July Order.  The court has jurisdiction to address this pending Motion for Reconsideration because adjudication of the issue will aid the appeal.  E.g., Fobian v. Storage Tech. Corp., 164 F.3d 887, 890–91 (4th Cir. 1999) (holding that a district court is authorized, under the "in aid of appeal" exception, to entertain a Rule 60(b) motion after a party appeals the district court's judgment).

73), the court overruled Plaintiff's Objections and denied his Appeal/Motion to Vacate (ECF No. 61) an Order (ECF No. 56) entered by United States Magistrate Judge Paige J. Gossett on February 29, 2016 (the "February Order"), which granted Lowe's Motion to Compel, but held in abeyance its Motion to Dismiss. (ECF No. 54.) Lowe's opposes Plaintiff's Motion for Reconsideration asserting that he has not presented any arguments entitling him to reconsideration of the July Order. (ECF No. 92.) For the reasons stated below, the court **DENIES** Plaintiff's Motion for Reconsideration.

## I.     LEGAL STANDARD AND ANALYSIS

A.     Applicable Standard

   *1. Standard for Reconsideration under Rule 59(e)*

Rule 59[3] allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." Lyles v. Reynolds, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

---

[3] The court observes that "Rule" refers to the Federal Rules of Civil Procedure.

*2. Standard for Reconsideration under Rule 54(b)*

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Id.  Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").  The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment."  Am. Canoe Ass'n, 326 F.3d at 514; see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54").  In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance.  See U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co., C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); Akeva L.L.C. v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005).  Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence;

3

or (3) to correct a clear error of law or prevent manifest injustice. Beyond Sys., Inc. v. Kraft Foods, Inc., C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[] interlocutory order.") (citing Am. Canoe Ass'n, 326 F.3d at 514).

   *3. Standard for Reconsideration under Rule 60(b)*

Rule 60(b) allows the court to relieve "a party . . . from a final judgment, order, or proceeding" due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud . . . , misrepresentation, or misconduct"; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b); see also United States v. Winestock, 340 F.3d 200, 203–4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313. "A motion for reconsideration under Rule 60(b) is addressed to the sound discretion of the district court and . . . [is] generally granted only upon a showing of exceptional circumstances." Lyles, 2016 WL 1427324, at *1 (citation and internal quotation marks omitted).

B.   The Parties' Arguments

In his Motion for Reconsideration, Plaintiff first complains that the Magistrate Judge entered a Scheduling Order (ECF No. 42) that was "defective and unenforceable because the parties were never allowed to mutually agree upon a discovery plan that took into consideration the needs of both parties . . . ." (ECF No. 88 at 6.) Plaintiff next complains that the Magistrate Judge failed to either notify him about the waiver of Rule 26(f)'s requirements or properly

4

construe all of his claims. (Id. at 6–7 (referencing ECF No. 27).) Based on the foregoing, Plaintiff argues that the Magistrate Judge "failed to fulfill her case management responsibilities" and the case should be reassigned "to another Magistrate Judge." (Id. at 9.) Plaintiff further argues that the court should reject the Scheduling Order and the February Order because they contain error and their enforcement would cause him to suffer manifest injustice. (Id.) Additionally, Plaintiff asserts that the court should reconsider the February Order because the Magistrate Judge's decision to grant Lowe's Motion to Compel (ECF No. 54) is "contrary to law." (Id. at 11–16.)

Plaintiff next complains that he has a right to counsel pursuant to Title VII and the ADA and, therefore, the court needs to reconsider the July Order because it erroneously denied his Motion to Appoint Counsel (ECF No. 19) on the basis that he is an indigent and needed to demonstrate exceptional circumstances. (ECF No. 88 at 17–18, 20–21 (referencing ECF No. 73 at 4–5).) Plaintiff argues that the Order denying appointment of counsel in the context of Title VII is "contrary to law" and "results in manifest injustice to the Plaintiff." (Id. at 21.) Plaintiff further argues that the denial of his request for counsel is evidence of bias that requires recusal and reconsideration because "he is indigent" and "'exceptional or unusual circumstances' are present in this case namely his diagnosis of various mental impairments." (Id. at 23, 25.)

Lowe's opposes Plaintiff's Motion arguing that "he is making the same arguments that have been . . . previously rejected by the Court" and are summarized as follows:

> he disagrees with the Court's sound interpretation and application of the Federal Rules of Civil Procedure and the Local Federal Rules with regard to the Scheduling Order in the case and based on that disagreement has neither prosecuted his case nor effectively participated in discovery – he simply attacks the Court and its judges; he disagrees with the Court's decision to require him as a pro se plaintiff to comply with the rules and orders of the Court and again based on that disagreement does little but file the same arguments; he disagrees with the Court's assessment not to appoint him an attorney; he disagrees that after multiple

5

>   refusals to comply with the rules, Orders of the Court or cooperate in discovery, the Court is permitting the Defendant to submit an application of attorney's fees (Docket #91) which Defendant submits is an appropriate sanction for his deleterious activities and actions; and he disagrees with the dismissal of certain claims and parties for either substantive or procedural reasons.

(ECF No. 92 at 3.)  Based on Plaintiff's failure to adhere to the Orders of the court, Lowe's further argues that it is entitled to dismissal of the case pursuant to Rule 41(b).  (Id. at 4–5.)

C.     The Court's Review

In his Motion for Reconsideration, Plaintiff complains about three things: (1) the entry of the Scheduling Order (ECF No. 42) that did not provide for a Rule 26(f) conference or discovery plan, (2) the granting of Lowe's Motion to Compel (ECF No. 54), and (3) the denial of Plaintiff's Motion to Appoint Counsel.

The court initially observes that Rule 60(b) is inapplicable to Plaintiff's Motion and Rules 59(e) and 54(b) control the analysis because discovery orders and orders denying motions to appoint counsel are considered interlocutory orders, rather than final judgments.  See, e.g., Watson v. Bowles, 621 F. App'x 222, 222 (4th Cir. 2015) ("The portions of the district court's orders dismissing some of the named defendants and denying Watson's motions to appoint counsel, for discovery, and to amend his complaint are neither final orders nor appealable interlocutory or collateral orders."); Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 541 (4th Cir. 2014) ("Discovery orders are "inherently interlocutory" and typically not appealable.") (citing McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 335 (4th Cir. 2001)).  The court next observes that Plaintiff's Motion for Reconsideration was filed on August 11, 2016, which date is not within twenty-eight days of the entry of the Scheduling Order (November 9, 2015), the granting of Defendant's Motion to Compel (February 29, 2016), or the denial of his Motion to Appoint Counsel (September 21, 2015).  Therefore, Plaintiff's complaints as to these issues are untimely under Rule 59(e).  Fed. R. Civ. P. 59(e).

However, Plaintiff's Motion is timely under Rule 54(b).[4] In this regard, the court observes that Plaintiff's arguments regarding the Scheduling Order, the Motion to Compel, and the appointment of counsel do not reference either an intervening change in controlling law or new evidence previously unavailable. Instead, Plaintiff seeks reconsideration on the basis that it would be an error of law or manifest injustice if the court failed to reverse its decisions regarding the Scheduling Order, the Motion to Compel, and the appointment of counsel.

Upon review, the court observes that Plaintiff's Motion adds very little new substantive argument to what he has already presented on the aforementioned issues. (See, e.g., ECF Nos. 19, 59, 60, 61.) As a result, the court is not persuaded that reconsideration is appropriate based on arguments that have already been considered and rejected by the court. "A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court." U.S. Home Corp. v. Settlers Crossing, LLC, C/A No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 18, 2012). Accordingly, the court's conclusions remain unchanged and it must deny Plaintiff's Motion for Reconsideration.

## II.     CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiffs' Motion for Reconsideration of the Order entered on July 20, 2016. (ECF No. 88).

---

[4] Rule 54(b) allows for reconsideration "any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Therefore, a motion to reconsider an interlocutory order is appropriate under Rule 54(b) even if a similar motion would be untimely under Rule 59(e). Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 492 (M.D. Fla. 1999).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 11, 2016
Columbia, South Carolina