# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Eric Alan Sanders, | ) |
|            Plaintiff, | ) Civil Action No.: 0:15-cv-02313-JMC |
| v. | ) |
| Lowe's Home Centers, LLC, | ) **ORDER AND OPINION** |
|            Defendant. | ) |

This matter is before the court on review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 187), filed on January 31, 2018, recommending that Plaintiff's Motions for Summary Judgment be denied because they are not appropriate under Fed. R. Civ. P. 55.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

Plaintiff timely objected (ECF No. 203) to the Report (ECF No. 187). However, the court will only address Plaintiff's objections that are relevant to his Motions for Default Judgment (ECF

Nos. 136, 143, 145) in this Order.[1] The Report recommends that Plaintiff's Motions for Default Judgment be denied because default judgment is not appropriate under Fed. R. Civ. P. 55. (ECF No. 187 at 11.)

Plaintiff specifically objects to this recommendation, stating that ". . . he never moved the court for a default judgment in accordance with Rule 55; instead, [he] clearly sets out grounds for default judgment according to the mandates of Rule 26 and Rule 37[.]" (ECF No. 203 at 26). Plaintiff also cites to Fed. R. Civ. P. 37(b)(2)(A)(vi) for the proposition that an entry of default judgment can be entered for failure to make Fed. R. Civ. P. 26 disclosures. (*Id.*) Fed. R. Civ. P. 37(b)(2)(A)(vi) provides that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[, including rendering a default judgment against the disobedient party.]" Liberally construing Plaintiff's arguments, the court finds that Plaintiff moves for sanctions in accordance with Fed. R. Civ. P. 37(b)(2)(A), and merely requests that default judgment be the appropriate sanction.[2]

On August 18, 2017, Magistrate Judge Paige Gossett entered a Text Order (ECF No. 129) directing Defendant to "file its Rule 26(a)(1) disclosures by August 25, 2017," and Defendant complied by filing its Fed. R. Civ. P. 26(a)(1) disclosures (ECF No. 133) on August 24, 2017. The court also notes that to the extent that Plaintiff asserts that Defendant's September 15, 2017 Motion for Summary Judgment (ECF No. 139) was tardy, the court directs Plaintiff's attention to the

---

[1] The court makes no ruling as to the nature or propriety of Plaintiff's other objections, as any specific objections to the Report will be addressed in a subsequent order.

[2] Plaintiff asserts that he moves the court to enter default judgment against Defendant in accordance with Fed. R. Civ. P. 37(b)(2)(A)(vi) ". . . for failure to comply with a [c]ourt order, an evasive and incomplete disclosure and response, failure to disclose (Rule 37(a)(4)), and failure to supplement and correct its disclosures in timely manner when the disclosures were incorrect and as ordered by the [c]ourt (Rule 26(e)(1)(A)-(B))." (ECF No. 145 at 1.)

Magistrate Judge's extension of time (ECF No. 129) in which to file dispositive motions, until September 15, 2017. (*See* ECF No. 136 at 1; ECF No. 143 at 7.) Plaintiff complied with the Magistrate Judge's Order (ECF No. 129), therefore, sanctions under Rule 37(b)(2)(A) are not appropriate. For this reason, the court **ACCEPTS IN PART** the Report as to its recommendation that Plaintiff's Motions for Default Judgment (ECF Nos. 136, 143, 145) be denied. Therefore, the court **OVERRULES** Plaintiff's objections and **DENIES** Plaintiff's Motions for Default Judgment (ECF Nos. 136, 143, 145).

    **IT IS SO ORDERED.**

United States District Judge

March 22, 2018
Columbia, South Carolina