# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 0:15-cv-02313-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Lowe's Home Centers, LLC, | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 187), filed on January 31, 2018, recommending that the court grant Defendant's Motion for Summary Judgment (ECF No. 139) with regard to Plaintiff's federal law claims. Additionally, the Report recommends that the court should deny Plaintiff's Motion in Limine (ECF No. 148) as moot. For the reasons stated below, the court **ACCEPTS** the Report.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 187) is accurate, and the court adopts this summary as its own. The court will only recite herein facts pertinent to the court's review of the Report (ECF No. 187). On January 31, 2018, Magistrate Judge Paige J. Gossett filed the Report (ECF No. 187), and on February 16, 2018, Plaintiff timely filed an Objection (ECF No. 203). On

---

[1] The court previously accepted the Report only as to its recommendation that Plaintiff's Motions for Default Judgment (ECF No. 136, 143, 145) be denied. (ECF No. 226.) The court notes that in the initial paragraph of its Order (ECF No. 226 at 1) accepting the Report, the court misidentified Plaintiff's Motions for Default Judgment as Motions for Summary Judgment. Plaintiff did not file a motion for summary judgment.

1

February 28, 2018, Defendant replied. (ECF No. 214.)

Plaintiff was discharged after Defendant mailed two (2) letters via certified and regular mail to Plaintiff in an attempt to establish whether he was returning to work, neither of which were answered by Plaintiff. (ECF No. 139-7 at 6-7.)[2] On June 12, 2015, because Plaintiff missed five (5) consecutive shifts without contacting his manager, Defendant treated his absenteeism as a voluntary resignation from his position. (*Id.* at 7.)

## II. JURISDICTION

The court has jurisdiction over Plaintiff's claims via 28 U.S.C. § 1331, as they arise under laws of the United States. Plaintiff brings his claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.[3]

---

[2] The first letter, sent on June 1, 2015, stated that Plaintiff needed to contact Human Resources Manager Rayvon Irby by June 5, 2015 in order to establish whether Plaintiff wanted to continue to work for Defendant. Plaintiff asserts that he came to the store on June 4, 2015 and met with Irby (ECF No. 164-5 at 2) and was ejected from the store (ECF No. 203 at 23), but the court has no evidence that Plaintiff came to the store for the purpose of complying with the June 1, 2015 letter. Moreover, whether Plaintiff complied with the letter is not relevant to establishing his constructive discharge claim.

[3] Plaintiff's only federal claims are for "discriminatory constructive discharge" and "retaliatory constructive discharge" as noted by the Report (ECF No. 187 at 1 n.1) and reconfirmed by Plaintiff's objections (ECF No. 203 at 11). Plaintiff has also alleged that Defendant has violated several South Carolina state laws: South Carolina Human Affairs Law § 1-13-80 (2014) (ECF No. 16 at 5 ¶ 24), S.C. Code Ann. § 16-7-150 (1976) for slander and libel (*id.* at 6-7 ¶ 28), S.C. Code Ann. § 16-17-560 (1993) for intimidation on account of exercise of civil rights (*id.* at 7 ¶ 31), S.C. Code Ann. § 16-17-410 (1993) for conspiracy (*id.* at 8 ¶ 37), and S.C. Code Ann. § 15-75-20 (1969) for loss of companionship of his spouse (*id.* at 10 ¶ 44). On September 27, 2016, the court dismissed Plaintiff's claims as to S.C. Code Ann. §§ 16-7-150, 16-17-410, 16-17-560, and 15-75-20. (ECF No. 103 at 8.) The Report recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claim (South Carolina Human Affairs Law § 1-13-80). (ECF No. 187 at 11-12.) Neither party objected to this recommendation, therefore, the court **ACCEPTS** the Report's recommendation as to declining to exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to

## III. LEGAL STANDARD

*a. Report and Recommendation*

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

*b. Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Pignons S.A. De Mecanique v. Polaroid Corp.*, 657 F.2d 482, 486 (1st Cir.

---

exercise supplemental jurisdiction over other claims[:] if the district court has dismissed all claims over which it has original jurisdiction.").

1981)). The nonmoving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252. All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). "[T]he burden [to show no genuine issue of material fact] on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

"In [ ] a situation [where a party fails to make a showing sufficient to establish an essential element of their case, on which they will bear the burden of proof at trial], there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of their case with respect to which she has the burden of proof." *Id.* at 322–23.

## IV. ANALYSIS

Plaintiff specifically objects to the Report on the basis that the Magistrate Judge did not have jurisdiction to file the Report because he had appealed a Text Order by the Magistrate Judge (ECF No. 158). (ECF No. 203 at 12.) The Magistrate Judge's Text Order (ECF No. 158)

terminated as moot Plaintiff's Motion for Protective Order and granted Plaintiff's Motion for an Extension of Time to Respond to Defendant's Motion for Summary Judgment (ECF No. 139). (ECF No. 149.)[4] However, the United States Court of Appeals for the Fourth Circuit denied Plaintiff's appeal for lack of jurisdiction after Plaintiff had already filed his objections to the Report. (ECF No. 223 at 3.) Therefore, the court will not address this objection. Plaintiff also specifically objects to the Magistrate Judge's application of the law in analyzing Plaintiff's discriminatory and retaliatory constructive discharge claim under Title VII and the ADA by focusing on intent rather than intolerability (*id.* at 21-23).[5]

*Constructive Discharge*

The court finds that the Magistrate Judge erred by citing the incorrect law regarding constructive discharge, therefore, the court will address Plaintiff's constructive discharge claim under the correct law. (*See* ECF No. 187 at 10 n.4.)

Plaintiff alleges that he was discriminated against on the basis of race (ECF No. 16 at 3 ¶ 14), disability (*id.* at 4 ¶ 17), and gender (*id.* at 4 ¶ 20). As a result of this alleged discrimination,

---

[4] Plaintiff filed a Motion for Protective Order and Motion for Extension of Time in the same document (ECF No. 149).

[5] Plaintiff also specifically objects to the Magistrate Judge's finding that he did not properly respond to Defendant's Motion for Summary Judgment (ECF No. 139) because he filed a letter and several exhibits with the court. (ECF No. 187 at 2.) However, the Magistrate Judge considered Plaintiff's exhibits and submissions as a response to Defendant's Motion for Summary Judgment (ECF No. 139), and analyzed these exhibits and submissions in making her recommendation to the court. Therefore, the court will not address this objection. Additionally, Plaintiff objects to the Magistrate Judge's application of the third prong of the *McDonnell Douglas* framework in the context of at-will employment. (ECF No. 203 at 17.) However, as will be explained below, because the court does not reach the third prong of the *McDonnell Douglas* framework, the court does not need to address this objection.

Plaintiff asserts that he was constructively discharged in violation of Title VII and the ADA.[6] (ECF No. 203 at 11.)

"A claim of constructive discharge [ ] has two basic elements. A plaintiff must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign[,] but [second] he must also show that he actually resigned." *Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016). The standard for constructive discharge requires "objective intolerability", but not "deliberateness, or a subjective intent to force a resignation." *U.S. Equal Employment Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017), *cert. denied sub nom. Consol Energy Inc. v. E.E.O.C.*, 138 S. Ct. 976 (2018) (quoting *Green* 136 S. Ct. at 1779-80)).

In order to establish that Plaintiff was constructively discharged, Plaintiff must first prove that Defendant discriminated against him. To prove a violation of Title VII, Plaintiff can utilize the *McDonnell Douglas* framework.[7] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). To establish discrimination under Title VII, "[t]he complainant . . . must carry the initial burden under the statute of establishing a *prima facie* case of [ ] discrimination." *McDonnell Douglas Corp.*, 411 U.S. at 802. If Plaintiff is able to establish a *prima facie* case of discrimination, then the burden

---

[6] Title VII encompasses both race and gender discrimination. *See* 42 U.S.C. § 2000e-2(a).

[7] "A plaintiff may establish a discrimination claim under Title VII through two avenues of proof[, (1) through the mixed-motive framework, utilizing direct or circumstantial evidence, or (2) through the *McDonnell Douglas* pretext framework.]". *Thomas v. Delmarva Power & Light Co.*, 715 F. App'x 301, 302 (4th Cir. 2018) (unpublished opinion) (internal citations omitted). Plaintiff has not presented direct evidence of discrimination or retaliation, and the indirect evidence presented is not "of sufficient probative force to reflect a genuine issue of material fact [as to Defendant's alleged discrimination]" as detailed below. *See Thomas*, 715 F. App'x at 302 (quoting *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 577 (4th Cir. 2015)). Therefore, the court will analyze Plaintiff's claims under the *McDonnell Douglas* framework.

shifts to Defendant to articulate some legitimate, nondiscriminatory reason for the adverse action. *See McDonnell Douglas Corp.*, 411 U.S. at 803; *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). If Defendant is able to carry this burden, ". . . then Plaintiff has the opportunity to prove by a preponderance of the evidence that the neutral reasons offered by the employer were "not its true reasons, but were a pretext for discrimination." *Merritt*, 601 F.3d at 294 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

i. *Title VII Claims*

Plaintiff must establish a *prima facie* case of discrimination by showing that '(1) [he] is a member of a protected class; (2) [he] suffered adverse employment action; (3) [he] was performing [his] job duties at a level that met [his] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.'" *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004) (*en banc*) *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)).

It is undisputed that Plaintiff is a member of a protected class, being male and African-American. (ECF No. 139-1 at 8.) The parties dispute whether Plaintiff suffered an adverse employment action. "An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Melendez v. Bd. of Educ. for Montgomery Cty.*, 711 F. App'x 685, 688 (4th Cir. 2017) (unpublished opinion) (quoting *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004)). "A constructive discharge— an allegation that the employer made the employee's working conditions so intolerable that [the

employee] was forced to quit her job—may constitute an adverse employment action." *Lacasse v. Didlake, Inc.*, 712 F. App'x 231, 239 (4th Cir. 2018) (unpublished opinion).[8]

"The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" *Green*, 136 S. Ct. at 1776 (quoting *Pennsylvania State Police v. Suders,* 542 U.S. 129, 141 (2004)). "Whether an employment environment is intolerable is determined from the objective perspective of a reasonable person." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 262 (4th Cir. 2006) (citing *Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004)). "Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Williams*, 370 F.3d at 434 (quoting *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)).

The only alleged adverse employment action presented is Plaintiff's assertion that he was constructively discharged. (ECF No. 16 at 7 ¶ 31; ECF No. 203 at 11.) Plaintiff must not rely on his pleadings, but must present specific evidence of his constructive discharge, meaning that he must present evidence of intolerability.[9] *See Celotex Corp.*, 477 U.S. at 324; *Green* 136 S. Ct. at

---

[8] *See also Cronin v. S.C. Dep't of Corr.*, No. CA 3:11-471-MBS-SVH, 2013 WL 5315983, at *8 (D.S.C. Sept. 20, 2013) ("Constructive discharge is recognized as a type of adverse employment action in the context of a disparate treatment claim under Title VII."); *Abrams v. Wachovia Corp.*, No. CA 3:08-4073-JFA-PJG, 2010 WL 2622437, at *4 (D.S.C. June 25, 2010) ("Constructive discharge constitutes an adverse employment action."); *Bowen v. Maryland, Dep't of Pub. Safety & Corr. Servs.*, No. CV RDB-17-1571, 2018 WL 1784463, at *9 (D. Md. Apr. 12, 2018) (court treated constructive discharge as a type of adverse employment action within a Title VII discrimination claim).

[9] Plaintiff asserts that his Complaint is a "verified complaint." "[A] verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). "[A] verified complaint that alleges facts that are made on belief or information and belief is insufficient to oppose summary judgment." *Walker v. Tyler Cty. Comm'n*, 11 F. App'x

1777. Plaintiff presents evidence of a complaint he made to Michael Greek, an Area Human Resources Manager for Defendant, regarding an incident involving his coworkers yelling at him and being rude, with one coworker allegedly "pulling up" close to him with a forklift. (ECF No. 164-5 at 22.) He also provides evidence of an e-mail he wrote to Vincent Alexander, an Employee Relations & Compliance Consultant for Defendant, in which he detailed different instances of harassment and retaliation that he allegedly suffered, stating that the store was a "toxic environment." (*Id.* at 58.) Further, Plaintiff also provides a copy of what the court construes as his letter of resignation (*id.* at 41-43) which also details different instances of harassment and Defendant's failure to correct them.

The court finds that Plaintiff has not provided sufficient evidence to establish that he worked under intolerable conditions. Plaintiff asserts that his coworkers yelled at him, they were rude, they made comments about how he was "derelict" in performing his job; and his manager violated company policy by having a conversation about Plaintiff's work performance. (ECF No. 164-5 at 41-43.) These assertions do not establish "objectively intolerable working conditions," therefore, Plaintiff cannot establish that he was constructively discharged. *See Williams*, 370 F.3d at 434 ("[Plaintiff] alleged that her supervisors yelled at her, told her she was a poor manager and gave her poor evaluations, chastised her in front of customers, and once required her to work with an injured back. We agree with the district court that these allegations, even if true, do not establish the objectively intolerable working conditions necessary to prove a constructive discharge."). Because Plaintiff fails to establish that he was constructively discharged, he also fails to establish

---

270, 274 (4th Cir. 2001). The court finds that Plaintiff's Complaint is not a verified complaint because the court cannot assess whether each allegation is made on personal knowledge. Therefore, Plaintiff must provide the court with sufficient specific evidence to establish that there is a disputed material question of fact regarding his alleged constructive discharge.

that Defendant discharged him in a discriminatory manner. Therefore, summary judgment should be granted as to this claim.

      *ii.*     *ADA Claim*

To establish a *prima facie* case of discriminatory termination under the ADA, a plaintiff must show: "(1) he 'was a qualified individual with a disability'; (2) he 'was discharged'; (3) he 'was fulfilling h[is] employer's legitimate expectations at the time of discharge'; and (4) 'the circumstances of h[is] discharge raise a reasonable inference of unlawful discrimination.'" *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (quoting *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 273 n.9 (4th Cir. 2004)).

Plaintiff provides several documents regarding medical impairments from which he suffers (*see* ECF No. 164), but the crux of Plaintiff's Complaint is that he was "constructively discharged." Therefore, the court will address the second prong of the *prima facie* case for discriminatory termination under the ADA. The constructive discharge analysis is the same under Title VII and the ADA, as both require proof of "discharge" or an "adverse employment action." *See Miles*, 429 F.3d at 485, *Reynolds*, 701 F.3d at 150; *see also Robinson v. BGM Am., Inc.*, 964 F. Supp. 2d 552, 575 (D.S.C. 2013) (accepting Magistrate Judge's finding that the plaintiff's failure to provide sufficient evidence of constructive discharge establishes that the plaintiff cannot survive summary judgment on his wrongful termination claim under the ADA). The court has already determined that Plaintiff has not provided sufficient evidence of a constructive discharge, therefore, Plaintiff also cannot establish that he was discriminatorily discharged under the ADA. As a result, summary judgment must be granted as to this claim.

*Retaliation Claim*[10]

"Title VII prohibits an employer from both (i) discriminating against an employee on the basis of sex, and (ii) retaliating against an employee for complaining about prior discrimination or retaliation." *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015) (citing 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a)). Plaintiff can prove retaliation using the *McDonnell Douglas* framework or the "mixed-motive" framework as described above.[11] *See Id.*

To prevail under the *McDonnell Douglas* framework as to retaliation, Plaintiff must first establish a prima facie case by showing: "(i) that [he] engaged in protected activity, (ii) that [Defendant] took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity."[12] *Foster*, 787 F.3d at 250 (quoting *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004)). "A plaintiff [establishes that the defendant took an adverse action against him or her] if 'a reasonable employee would have found the challenged action materially adverse,' meaning that it 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"[13] *Pyatt v. Harvest Hope Food Bank*, No.

---

[10] Plaintiff's claim of "retaliatory constructive discharge" fits within the second prong of the retaliation framework.

[11] The court analyzes Plaintiff's claims under the *McDonnell Douglas* framework for the same reasons as noted in footnote seven (7).

[12] The court undertakes the same analysis for Plaintiff's retaliation claims under Title VII and the ADA. *See Haulbrook v. Michelin N. Am.,* 252 F.3d 696, 706 (4th Cir. 2001) ("A retaliatory discharge claim under the ADA has three *prima facie* elements: [the plaintiff] must show (1) that he engaged in protected activity; (2) that his employer took an adverse action against him; and (3) that a causal connection existed between the adverse activity and the protected action.").

[13] The standard for an "adverse employment action" under a Title VII retaliation claim is different than the standard for that same adverse employment action under a Title VII disparate treatment (or discrimination) claim. *Pyatt v. Harvest Hope Food Bank,* No. CA 3:10-2002-MBS-PJG, 2012 WL 1098632, at *4 (D.S.C. Feb. 1, 2012)*, report and recommendation adopted,* No. CA 3:10-2002-MBS, 2012 WL 1098627 (D.S.C. Mar. 29, 2012).

CA 3:10-2002-MBS, 2012 WL 1098627, at *9 (D.S.C. Mar. 29, 2012) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

It is undisputed that Plaintiff engaged in a protective activity by filing two EEOC Complaints (ECF No. 164-2 at 111-14) that are pertinent to this case prior to his alleged constructive discharge. (*See* ECF No. 164-5 at 28); *see also Aronberg v. Walters,* No. 84-2388, 1985 WL 15447, at *1 (4th Cir. July 8, 1985) (filing a complaint with the EEOC is a protected activity). At issue is whether Defendant took an adverse action against Plaintiff. Plaintiff asserts that Defendant's employees physically retaliated against him by ejecting him from the store on June 4, 2015, but the court has no evidence of this fact. Moreover, Plaintiff's absenteeism led to Defendant's determination that Plaintiff voluntarily resigned. (ECF No. 139-7 at 7). Further, the court has determined that Plaintiff has not provided sufficient evidence of constructive discharge.

The court finds that Plaintiff has failed to provide evidence that Defendant took any action to "dissuade Plaintiff from making or supporting a charge of discrimination." *See Pyatt,* 2012 WL 1098627, at *9. Therefore, because Plaintiff fails to provide sufficient evidence, as opposed to allegations, of an adverse employment action, summary judgment must be granted as to this claim.

## V. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Report (ECF No. 187) and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 139) as to Plaintiff's federal law claims. Additionally, Plaintiff's Motion in Limine (ECF No. 148) is **DENIED AS MOOT.** Furthermore, Plaintiff's Motion to Stay or Alternatively to Extend Time for Filing Objections to Orders 182-188 (ECF No. 190), Plaintiff's Motion to Amend/Correct Amended Complaint (ECF No. 195), Plaintiff's Motion to Reconsider the Orders in ECF Nos. 27, 42, 103, 187, pursuant to

Fed. R. Civ. 54(b) (ECF No. 195), Plaintiff's Amended Motion to Amend/Correct Amended Complaint (ECF No. 201), and Plaintiff's Motion for Discovery (ECF No. 206) are **DENIED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 20, 2018
Columbia, South Carolina